UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANN NELSON,

        Plaintiff,

v.                                          Case No.  8:16-cv-3355-T-24 TBM

BOSTON MARKET CORPORATION
and JOHN DOE,

        Defendants.

_____/

## ORDER

This cause comes before the Court on two motions: (1) Plaintiff's Motion for Leave to Amend the Complaint (Doc. No. 7), which Defendant opposes (Doc. No. 10); and (2) Plaintiff's Motion to Remand (Doc. No. 8), which Defendant opposes (Doc.  No. 9).  As explained below, both motions are granted.

### I.  Background

On October 28, 2016, Plaintiff Ann Nelson filed suit in state court against Defendant Boston Market Corporation ("Boston Market") and its store manager, Defendant John Doe. Plaintiff asserted negligence claims against both Defendants for allowing the dangerous condition of the restaurant's floor, on which Plaintiff fell.  Plaintiff also asserted a vicarious liability claim against Boston Market for its store manager's negligence.

On December 7, 2016, Boston Market removed the case to this Court on the basis of diversity jurisdiction.  Thereafter, on January 6, 2017, Plaintiff filed the instant motions to amend and for remand.

## II.  Motions to Amend and Remand

Plaintiff seeks to amend her complaint to identify the defendant store manager as being Rob Razdrich.  In both the original complaint and the proposed amended complaint, Plaintiff alleges that the store manager is a Florida resident.  Therefore, in addition to seeking to amend the complaint to properly identify Razdrich as the defendant store manager, she also seeks to remand this case to state court because diversity jurisdiction is lacking.

Pursuant to 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  Because the addition of Razdrich would destroy diversity jurisdiction in this case, Boston Market argues that this Court should scrutinize the motion to amend and consider the factors set forth in Hensgens v. Deere & Co., 833 F.2d 1179 (5th Cir. 1987).  In Hensgens, the court stated the following:

> [T]he addition of a nondiverse party must not be permitted without consideration of the original defendant's interest in the choice of forum.  The district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment. . . . [J]ustice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits.  For example, the court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities.  The district court, with input from the defendant, should then balance the equities and decide whether amendment should be permitted.  If it permits the amendment of the nondiverse defendant, it then must remand to the state court.

Id. at 1182.  As explained below, after consideration of the Hensgens factors, the Court finds that

Plaintiff's motion to amend should be granted.

The first Hensgens factor this Court considers is the extent to which the purpose of the amendment is to defeat federal jurisdiction.  The Court finds that because Plaintiff asserted a negligence claim against John Doe, the store manager, in the original complaint, it was clear at all times that Plaintiff intended to pursue a claim against a non-diverse defendant.  Plaintiff did not merely attempt to assert a new claim against a non-diverse defendant after this case was removed.  For this reason, the Court concludes that the purpose of the amendment is not to defeat federal jurisdiction.  See Lacy v. ABC Ins. Co., 1995 WL 688786 (E.D. La. Nov. 17, 1995)(granting motion to amend complaint post-removal in order to correctly identify John Doe defendants fictitiously named in the original complaint); Mergist v. Wal-Mart Stores, Inc., 2016 WL 3648262 (M.D. La. June 9, 2016), adopted by 2016 WL 3647623 (M.D. La. June 30, 2016)(same); Johnson v. Lincoln Harris, LLC, 2016 WL 2733425 (N.D. Ga. May 10, 2016)(same); Sharp v. Wal-Mart Stores, Inc., 2007 WL 215644 (S.D. Ala. Jan. 25, 2007)(same).

The next Hensgens factor this Court considers is whether plaintiff has been dilatory in asking for amendment.  Plaintiff filed suit in state court on October 28, 2016 and moved to amend the complaint on January 6, 2017, one month after Defendant removed this case. Plaintiff's conduct cannot be described as dilatory.

The next Hensgens factor this Court considers is whether plaintiff will be significantly injured if amendment is not allowed.  The Court finds that Plaintiff will be injured if required to pursue her claims against Boston Market in this Court while simultaneously pursuing her claim against Razdrich in state court.

Finally, the Court considers any other factors bearing on the equities, including whether

Razdrich has been fraudulently joined.  In order for this Court to find that Razdrich was fraudulently joined, the Court must find that there is no possibility Plaintiff can establish a cause of action against Razdrich.  See Pacheco de Perez v. AT&T Company, 139 F.3d 1368, 1380 (11th Cir. 1998)(citations omitted).

In the proposed amended complaint, Plaintiff alleges the following with regards to Razdrich's negligence: Razdrich owed a duty of reasonable care to his customers, including Plaintiff, to provide a reasonably safe environment, to inspect and maintain this environment, and to request and authorize repairs to this environment, such that his customers would be protected from reasonably foreseeable injuries.  Furthermore, Plaintiff alleges that he breached these duties by doing the following: (1) failing to prevent reasonably foreseeable injuries and creating a foreseeable risk of harm to customers by failing to repair or authorize repair of the floor of the premises; (2) failing to adequately warn Plaintiff of the dangerous conditions that he knew or should have known of; (3) failing to adequately remedy the dangerous condition of the flooring or otherwise repair it; (4) failing to properly train his employees in adequately remedying the flooring and/or failing to properly supervise them in maintaining the same; (5) failing to properly train his employees in adequately warning customers of the store's dangerous conditions, such as the flooring, through the proper placement of warning signs, and/or failing to properly supervise them in maintaining the same; and (6) failing to alert Boston Market of the store's dangerous condition in order to request and authorize repairs to the flooring.  Based on these allegations, it appears that Plaintiff has an arguable negligence claim against Razdrich.  See White v. Wal-Mart Stores, Inc., 918 So. 2d 357, 358 (Fla. 1st DCA 2006)(reversing motion to dismiss slip and fall claim against store manager); Hunt v. Target Corp., 2014 WL 1515262, at

*2 (S.D. Fla. April 18, 2014)(evaluating negligence claim against store manager and finding that he was not fraudulently joined).

Thus, after consideration of the <u>Hensgens</u> factors, the Court concludes that Plaintiff's motion to amend should be granted.  The Court is not persuaded by the reasoning on the non-binding case cited by Boston Market, <u>Rutsky v. Target Corp.</u>, 2012 WL 5604620 (S.D. Fla. Nov. 15, 2012).  Because granting the amendment destroys diversity jurisdiction, the Court also grants Plaintiff's motion to remand.

**III.  Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that:

(1)      (1) Plaintiff's Motion for Leave to Amend the Complaint (Doc. No. 7) is **GRANTED**.

(2)      The proposed First Amended Complaint (Doc. No. 7, p. 3-11) is hereby deemed filed.

(3)      Plaintiff's Motion to Remand (Doc. No. 8) is **GRANTED**.

(4)      The Clerk is directed to remand this case to state court and then to close this case.

**DONE AND ORDERED** at Tampa, Florida, this 30th day of January, 2017.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record